416 A.2d 101

**COMMONWEALTH of Pennsylvania**

v.

**Heyward SPEAKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Dec. 7, 1979.

Richard P. Abraham, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

In 1974 appellant was convicted by a jury of robbery and burglary.  Appellant's court-appointed counsel filed post-verdict motions, which were denied.  Appellant was sen-

tenced on August 20, 1974 to five to ten years imprisonment for robbery, with a consecutive prison term for two-and-a-half to five years for burglary. Appellant's trial counsel was then permitted to withdraw, and new counsel was appointed by the court to represent appellant. New counsel timely filed in this court a direct appeal, which was later withdrawn at appellant's own request by letter to this court's prothonotary. Appellant's later request by letter to reinstate the appeal was denied by per curiam order.

On February 16, 1977 appellant, represented by a third court-appointed counsel, filed a Post Conviction Hearing Act (PCHA)[1] petition alleging numerous instances of ineffectiveness of trial counsel, as well as personal bias of the trial judge, denial of the right to allocution at sentencing, and denial of the right to a direct appeal without a knowing and intelligent waiver. On April 13, 1977 Judge Blake of the court below entered an order granting the appellant the right to file a direct appeal nunc pro tunc,[2] and otherwise denying the petition without prejudice. On April 21, 1977 appellant filed in the lower court a notice of appeal "to the Superior Court of Pennsylvania from the order entered in this matter on the 13th day of April, 1977." On April 26, 1977 appellant filed in the lower court a praecipe to withdraw that notice of appeal. On that same day an order was entered withdrawing and discontinuing the appeal in accordance with Pennsylvania Rule of Appellate Procedure 1973(b).

On May 12, 1977 appellant filed in the court below a petition for reconsideration of the April 13, 1977 order in which the lower court had previously granted appellant the right to file a direct appeal nunc pro tunc. The material averments and prayer for relief in the petition were as follows:

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. 1180–1 (Supp.1979–80) *et seq.*

2. Throughout this opinion we use the lower court's terminology, "nunc pro tunc," interchangeably with that of the Rules of Criminal Procedure, "as though timely filed."

"Heyward Speaks, by his court appointed attorney, Richard P. Abraham, Esquire, hereby petitions for reconsideration of this Court's order dated April 13, 1977, and in support thereof, avers that:

" . . .

"4. Pursuant to the aforesaid Order of April 13, 1977, a Notice of Appeal to the Superior Court of Pennsylvania was filed with the Court of Common Pleas of Philadelphia County. However, on that same date, the Superior Court of Pennsylvania refused to docket or accept said notice of Appeal, rather stating that a Petition for Allowance of Appeal, Nunc Pro Tunc would have to be filed.

"5. On April 26, 1977, Richard P. Abraham, Esquire, did file with the Superior Court of Pennsylvania the requested petition for Allowance of Appeal Nunc Pro Tunc.

"6. On April 28, 1977, Richard P. Abraham, Esquire, received from the Superior Court of Pennsylvania a letter indicating their denial of the aforesaid Petition for Allowance of Appeal Nunc Pro Tunc. A copy of said letter is attached hereto as Exhibit "B".

"7. Subsequent to the aforesaid events, Richard P. Abraham, Esquire, ascertained the existence of two opinions of the Superior Court of Pennsylvania, which opinions indicate that the appropriate remedy to be granted to defendant, Heyward Speaks, is the allowance of the filing of Post Trial Motions Nunc Pro Tunc. See *Commonwealth v. Young*, [246] Pa.Super. [340], 370 A.2d 1221 (1977); *Commonwealth v. Westbrook*, [245] Pa.Super. [174], 369 A.2d 350 (1976).

"7. [sic] There exist two reasons which counsel believes, and therefore avers, merit the granting of allowance of Post Trial Motions Nunc Pro Tunc in the instant matter, namely:

(a) The Post Trial Motion filed by Heyward Speaks' trial counsel, Isaiah Crippins, Esquire, were inadequate and did not fully set forth appropriate and substantial issues of the fairness of Heyward Speaks' trial.

(b) The most substantial issue to be raised in the instant matter, both on Post Trial Motions and on direct appeal, shall be the ineffective assistance of trial counsel, Isaiah Crippins, Esquire. Since Heyward Speaks was represented by the same counsel at trial as on Post Trial Motions, said issue was, for obvious reasons, not raised by counsel, and, pursuant to numerous decisions of the Pennsylvania Appellate Courts, was not waived.

WHEREFORE, Heyward Speaks respectfully prays that this Court allow him to file Post Trial motions Nunc Pro Tunc."

The lower court never entered any order relating to this petition for reconsideration.

On June 3, 1977 appellant by his counsel filed in the lower court an amended PCHA petition, which repeated and elaborated upon the claims made in the original petition filed on February 16, 1977. The Commonwealth filed an answer to the petition. After an evidentiary hearing, Judge Blake denied the petition on April 13, 1978. On the same day, Judge Blake filed a memorandum opinion dealing with only two issues raised by appellant: (1) ineffectiveness of trial counsel for failure to object to allegedly improper remarks by the prosecutor in his summation; and (2) ineffectiveness of counsel for failure to call three witnesses who would have contradicted the victim's testimony that appellant had also been at the scene of the crime on the day before the crimes were committed.

This appeal is from Judge Blake's order denying the amended post-conviction petition on April 13, 1978. Appellant asks that we consider all issues raised in the amended petition in the court below. We find that all these issues were cognizable in the direct appeal nunc pro tunc authorized by the lower court's order of April 13, 1977. At that time Pennsylvania Rule of Criminal Procedure 325 provided in pertinent part:

"In all cases in which a petitioner under the Post Conviction Hearing Act has been granted the right of direct appeal as though timely filed, but not the right to

file post-verdict motions, such an appeal must be filed with the Appellate Court having jurisdiction within thirty days from the date of the order granting the appeal.

"These time limits must be complied with, even if the Commonwealth files, pursuant to 19 P.S. § 1180–11, an appeal from the Post Conviction Hearing Act Court's grant of the right to appeal as though timely filed." Pa.R.Crim.P. 325, *as amended*, rescission effective July 1, 1979, 9 Pa.Bull. 1524, 1529; 1979 Pamphlet, Last Minute Amendments to Pennsylvania Court Rules at 80.[3]

The notice of appeal filed in the court below by appellant on April 21, 1977 was from Judge Blake's order of April 13, 1977, not from appellant's judgments of sentence of August 20, 1974. Thus appellant has never filed a notice of appeal from those judgments of sentence, and therefore did not comply with the requirement of Rule 325, that he file his appeal (i. e., file his notice of appeal, Pa. R.A.P. 902) within thirty days of April 13, 1977, the date of the order granting him the right to file an appeal nunc pro tunc. The burden is on the petitioner in a PCHA proceeding to prove that his claims were not waived. PCHA, § 3(d), 19 P.S. § 1180–3(d) (Supp.1979–80). Issues are waived if the petitioner knowingly and understandingly failed to raise them and they could have been raised on appeal. PCHA, § 4(b)(1), 19 P.S. § 1180–4(b)(1) (Supp.1979–80). Appellant has never offered any evidence to rebut the statutory presumption that his failure to file an appeal as though timely filed from his judgments of sentence was knowing and intelligent. PCHA, § 4(c), 19 P.S. 1180–4(c) (Supp.1979–80).

Appellant has repeated in his brief, without reference to any support in the record, the various factual allegations we previously quoted from the petition for reconsideration of the April 13, 1977 order. These allegations concerned the

3. Effective July 1, 1979, Pennsylvania Rule of Criminal Procedure 325 was rescinded and supplanted by new Rule 1123(f). 9 Pa.Bull. 1524, 1529; 1979 Pamphlet, Last Minute Amendments to Pennsylvania Court Rules at 81. Since all relevant events in this case occurred before July 1, 1979, we express no view concerning the possible effects of any changes in the new rule.

motives for withdrawal of the notice of appeal from the April 13, 1977 order. Even if these allegations were substantiated and we were able to comprehend appellant's argument concerning their legal effect on the notice of appeal which was filed, they could be of no help in explaining the original failure to file any notice of appeal at all from the judgments of sentence. It is clear that by that failure appellant waived all the issues he now seeks to raise in this appeal from the denial of his amended PCHA petition. Since all the issues were waived, we affirm the denial of the petition.

Order affirmed.